UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| TAMIKA BROCK,<br><br>             Plaintiff,<br>     v.<br><br>STATE OF CONNECTICUT,<br>DEPARTMENT OF MENTAL HEALTH<br>AND ADDICTION SERVICES (DMHAS),<br><br>             Defendant. | 3:20-CV-1889 (CSH)<br><br><br><br>MARCH 1, 2022 |

**RULING ON PLAINTIFF'S MOTION TO AMEND COMPLAINT [DOC. 22]**

**HAIGHT, Senior District Judge:**

### I. INTRODUCTION

Plaintiff Tamika Brock, an African American, black, and Latina licensed social worker, brings this action against her former employer, defendant State of Connecticut, Department of Mental Health and Addiction Services ("DMHAS," also herein "Defendant"), for, *inter alia,* violations of her civil rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e, *et seq*. Doc. 22, ¶¶ 3, 5-6. Pending before the Court is Plaintiff's motion to amend her complaint. Although this motion has been labeled on the docket as Plaintiff's "Second Motion to Amend/Correct" her Complaint [Doc. 22], the current motion is actually her third motion to amend. Because she sought to substitute a new complaint twice while her prior motions to amend were pending, the Court will deny the prior motions [Doc. 16 & 18] as moot and refer to the currently proffered pleading [Doc. 22] simply as her proposed "Amended Complaint."

Plaintiff states that she seeks to amend to include the recent "release of jurisdiction from the

1

[Connecticut] Commission on Human Rights & Opportunities dated January 26, 2022." Doc. 22, at 1, Doc. 22-1.  She further asserts that she "alleges on-going acts related to the same nucleus of operative facts." Doc. 22, at 1.  In addition, Plaintiff seeks to add a claim against a new defendant, Lori Orend, "an employee and supervisor of Defendant," who allegedly physically assaulted Plaintiff, thereby committing common law "assault and battery" upon her, on or about March 21, 2019.  *Id.* ¶¶ 2, 22, and "Count Five," ¶¶ 78-80.

Before addressing the motion to amend, it is incumbent on the Court to assess its subject matter jurisdiction. *See, e.g. Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006) (a federal court has "an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*"), *cert. denied*, 549 U.S. 1282 (2007).  Upon reviewing the proposed Amended Complaint, the Court finds that it has "federal question" subject matter jurisdiction over claims asserted against Defendant.  In the first three counts, Plaintiff alleges that while employed by Defendant, she suffered racial discrimination, retaliation, and a hostile work environment under Title VII.  Because these first three claims arise under a federal statute, the case falls within this Court's "federal question" subject matter jurisdiction.  *See* 28 U.S.C. § 1331.[1]

Moreover, with respect to Connecticut state law claims, the Court has supplemental jurisdiction over Count Four.  That count, alleging disability discrimination against DMHAS under Connecticut General Statutes § 46a-60, is so related to Plaintiff's Title VII claims that it forms part of the same case or controversy under Article III of the United States Constitution, 28 U.S.C. § 1367(a).  As to jurisdiction over the proposed fifth count, a Connecticut common law battery claim

---

[1] 28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

against Lori Orend, the Court will address that claim separately below.

## II. DISCUSSION

### A. Amendment under Rule 15, Fed. R. Civ. P.

Pursuant to Federal Rule of Civil Procedure 15, a plaintiff may amend its complaint "once as a matter of course" within twenty-one days after service or within twenty-one days after service of a responsive pleading (*i.e.,* answer or motion to dismiss), whichever is earlier. *See* Fed. R. Civ. P. 15(a)(1)(A) and (B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* 15(a)(2). Moreover, if the court's permission is necessary, "[t]he court should freely give leave when justice so requires." *Id.*

In the present case, Plaintiff has filed repeated motions to amend and has filed this last motion well beyond twenty-one days after service of the complaint. Therefore, she may not amend "as a matter of course" under Rule 15(a)(1). Nonetheless, defendant DMHAS has provided "written consent" to Plaintiff's motion under Rule 15(a)(2). In particular, in her current motion to amend, Plaintiff represents that she "queried" counsel for Defendant on January 3, 2022, who "indicated no opposition to the motion but reserve[ed] her right to file a dispositive motion." Doc. 22, at 1. Thereafter, Defendant's counsel filed the prescribed "written consent" in a "Response to Plaintiff's Second Motion to Amend Her Complaint." Doc. 23. In that pleading, Defendant's counsel indicated that the Defendant "does hereby consent to the filing of Plaintiff's Third Amended Complaint [Doc. 22] but respectfully reserves its right to contest the merits of the complaint by virtue of a dispositive pleading." Doc. 23, at 1. However, as to the addition of Lori Orend as an individual defendant, Defendant stated that it "does not and cannot consent to any amendment . . . concerning the addition of [that individual defendant], . . . who is not yet a party to this action." *Id.*

3

Given Defendant's written consent to Plaintiff's present Amended Complaint against Defendant, that pleading will be accepted by the Court as the operative pleading as it pertains to the claims against DMHAS, Counts One to Four. However, to the extent that Defendant provides no consent to the proposed claim against Lori Orend, Count Five, the Court reviews that claim to determine whether to grant leave for its addition.

**B. Addition of Defendant Lori Orend - *Foman* Review of Count Five: Battery**

The Court notes that because the amendments with respect to individual Lori Orend require her addition as a defendant, Federal Rule 21 of Civil Procedure governs. That Rule, captioned "Misjoinder and Nonjoinder of Parties," provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. However, "[w]ith respect to the interaction of Rules 15(a) and 21, it has been held that Rule 15(a) generally governs the amendment of complaints." *Braham v. Perelmuter*, No. 3:15CV01094(JCH), 2016 WL 6910256, at *3 (D. Conn. Nov. 23, 2016) (quoting *Meyers v. Kishimoto*, No. 3:14CV535(CSH), 2015 WL 4041438, at *3 (D. Conn. July 1, 2015)). Therefore, to the extent that Rule 21 governs when new defendants are to be added, that "perceived supremacy of Rule 21 is . . . of no practical consequence, since it is generally held that the standards governing motions to amend under Rule 15 apply with equal force to motions to add parties under Rule 21." *Braham,* 2016 WL 6910256, at *3 (quoting *Meyers,* 2015 WL 4041438, at *3).

As discussed *supra*, absent opposing parties' written consent, a plaintiff may only amend "with the court's leave," which shall be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). In that event, whether to grant leave to amend lies within the court's discretion, taking into account factors set forth by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178,

4

182 (1962). Under *Foman*, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought [to amend] should, as the rules require, be 'freely given.' " 371 U.S. at 182.

In the case at bar, there is no indication of any undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by Plaintiff. In each of her motions to amend her complaint – including her first attempt to amend, on July 15, 2021 – Plaintiff has included a proposed battery claim against Lori Orend. Plaintiff has not delayed, exercised bad faith, or been dilatory in proposing this amendment. Moreover, she has not repeatedly failed to cure deficiencies in her complaint.

Furthermore, there is no evidence of undue prejudice to DMHAS in allowing the addition of Lori Orend as a defendant. In determining what constitutes prejudice, the Court considers whether the amendment would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (collecting cases). Here, there is no indication that the addition of Orend will require the Defendant to expend significant additional resources to conduct discovery or prepare for trial. Due to her former position as Plaintiff's immediate supervisor, Orend will likely be a witness in the proceedings anyway. Also, the "battery" claim against Orend is a limited, discrete claim against her in her individual capacity, which allegedly arises out of a singular incident on or about March 21, 2019. Doc. 22, ¶ 22. Additionally, there is no significant delay in

adding Orend as a party because the proceedings remain at an early stage. Discovery has not yet ensued.[2]

Finally, as to futility, the Court reviews the battery claim against Orend to determine whether it states a plausible claim, one upon which relief can be granted. *See, e.g.*, *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (noting leave to amend may be denied when amendment is "unlikely to be productive," such as when an amendment is "futile" and "could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).") (citations omitted); *Dorlette v. Iozia*, No. 3:16-CV-1882 (VAB), 2020 WL 509564, at *2 (D. Conn. Jan. 31, 2020)(citing *Foman*, 371 U.S. at 82, to include "futility" among the "[r]easons for denying leave to amend" under Rule 15(a)).[3]

---

[2] The Court notes that Plaintiff neither argues that she wishes to proceed with her battery claim in another jurisdiction nor suggests that denying the amendment would prevent her from doing so in a timely fashion. However, because the alleged battery occurred on March 21, 2019, if one applies the relevant Connecticut three-year statute of limitations for actions founded upon a tort, Conn. Gen. Stat. § 52-577, unless the claim should relate back to a prior date, Plaintiff's present amendment to include a common law "assault and battery" claim may remain timely only through March 21, 2022. In any event, the Court makes no conclusion at this time regarding the timeliness of such a claim against Orend in another jurisdiction. However, permitting amendment to add that claim in federal court at this time ensures that the claim is timely filed in this District.

[3] In the landmark case of *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court articulated the standard for plausibility of claims. *Iqbal* instructs that "[t]o survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678. "Although plausibility is not a 'probability requirement,' Plaintiffs must allege facts that permit 'more than a sheer possibility that a defendant has acted unlawfully.'" *Turkmen v. Hasty*, 789 F.3d 218, 233 (2d Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). "Factual allegations that are 'merely consistent with' unlawful conduct do not create a reasonable inference of liability." *Id.* (quoting *Iqbal,* 556 U.S. at 678). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Well-pleaded factual allegations, in contrast, should be presumed true, and [the court]

**1. Civil "Assault and Battery" under Connecticut Law**

Although Plaintiff entitles her proposed "Count Five" as "Battery," her allegations include the assertion that Orend "committed and [sic] *assault and battery* on Plaintiff when she caused Plaintiff to suffer a harmful and offensive touching." Doc. 22, at 16 (¶ 78) (emphasis added). The Court thus examines the requisite elements of common law assault and battery under Connecticut law to determine whether Plaintiff has pled a plausible claim.

The Connecticut Appellate Court has defined "civil assault" as "the intentional causing of imminent apprehension of harmful or offensive contact in another." *Maselli v. Reg'l Sch. Dist. No. 10,* 198 Conn. App. 643, 659–60 (2020) (quoting 1 Restatement (Second), Torts [§ 21 [1965] and citing *DeWitt v. John Hancock Mutual Life Ins. Co.*, 5 Conn. App. 590, 594 (1985))*, cert. denied*, 335 Conn. 947 (2020). Moreover, "[a]ctual, physical contact (technically defined as 'battery') is not necessary to prove civil assault." *Maselli,* 198 Conn. App. at 659 (quoting *McInerney v. Polymer Res., LTD*, No. CV116012308, 2012 WL 5519626, at *2 (Conn. Super. Ct. Oct. 22, 2012)); *see also generally* D. Wright J. FitzGerald & W. Ankerman, Connecticut Law of Torts §§ 6-9 (3d ed. 1991). Thus, "[i]t is more technically correct in Connecticut civil tort law to refer to what is commonly called an 'assault' as a 'battery,'" but "the cases rarely make that distinction." *Maselli,* 198 Conn. App. at 659 (quoting *Carragher v. DiPace,* No. HHDCV106014357S, 2012 WL 6743563, at *4 (Conn. Super. Ct. Nov. 30, 2012)).

---

must determine 'whether they plausibly give rise to an entitlement to relief.'" *Turkmen,* 789 F.3d at 233 (quoting *Iqbal*, 556 U.S. at 679).

The Second Circuit continues to adhere to the seminal "plausibility" standard set forth in *Iqbal*. *See, e.g., Darby v. Greenman*, 14 F.4th 124, 127 (2d Cir. 2021); *KBC Asset Mgmt. NV v. MetLife, Inc.*, No. 21-291-CV, 2022 WL 480213, at *1 (2d Cir. Feb. 17, 2022).

With respect to battery, under Connecticut law, "[a]n actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results." *Maselli*, 198 Conn. App. at 660 (quoting *Alteiri v. Colasso*, 168 Conn. 329, 334 n.3 (1975) and 1 Restatement (Second), Torts § 13 (1965)). As to state of mind, under Connecticut law, an actionable assault and battery may be committed willfully or voluntarily (intentionally), recklessly (with a reckless disregard of consequences), or negligently. *Maselli*, 198 Conn. App. at 660. *See also Markey v. Santangelo*, 195 Conn. 76, 78 (1985); *Carragher*, 2012 WL 6743563, at *4. "Intentional conduct is, therefore, not always required for assault and battery." *Maselli*, 198 Conn. App. at 660 (citing *Clinch v. Generali-U.S. Branch*, 110 Conn. App. 29, 40 (2008), *aff'd*, 293 Conn. 774 (2009)).

### 2. Plaintiff's Allegations of Battery against Orend

To determine whether Plaintiff has stated a claim for relief that is plausible, as on a motion to dismiss, the Court must "accept all factual allegations as true and draw all reasonable inferences in the plaintiff's favor." *SAMBIT PATTANAYAK, Plaintiff, v. MASTERCARD INC., Defendant.*, No. 21 CIV. 2657 (GBD), 2022 WL 564047, at *2 (S.D.N.Y. Feb. 24, 2022)(quoting *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 110-11 (2d Cir. 2010)).

In the case at bar, Plaintiff's battery claim against Orend, encompassing "assault and battery," is plausible on the facts alleged. With respect to common law "assault and battery," as discussed above, under Connecticut law, "assault" occurs when one intends to place another in apprehension of bodily harm; and "battery" is an act intended to cause harmful or offensive contact with another when harmful contact directly or indirectly results. *Maselli*, 198 Conn. App. at 659-60. In the case

8

at bar, Plaintiff alleges that Orend "committed assault and battery on Plaintiff when she caused Plaintiff to suffer a harmful and offensive touching," as to which "Plaintiff did not consent." Doc. 22, at 16 ("Count Five: Battery"), ¶¶ 78-79.  Specifically, Plaintiff alleges that during her employment by Defendant, on March 21, 2019, Orend, who was then Plaintiff's "immediate supervisor, physically assaulted her." Doc. 22, ¶ 22.  On that date, Plaintiff and Orend engaged in a "verbal exchange" in the printer room with respect to copies Plaintiff had printed regarding an "Affirmative Action complaint that Plaintiff had filed against her supervisors." *Id.* ¶¶ 24, 26. Orend had taken the printed pages from the printer and was reading them.  Seeing her own name at the top of one page, Plaintiff informed Orend that "the copies belonged to her, and Orend had no business reading them." *Id.* ¶¶ 24-26.  Orend then "thrust her elbow into Plaintiff's side causing observable bruising and contusions which Plaintiff's doctor confirmed." *Id.* ¶ 27.  The police were called and Plaintiff filed a "hostile workplace" report.  *Id.* ¶ 28.  Because Orend was "never removed from the workplace, Plaintiff feared for her safety at work." *Id.* ¶ 29.

Accepting the well-pleaded facts in the proposed Amended Complaint, construing them in the manner most favorable to Plaintiff, the Court finds that the allegations support a plausible claim for common law assault and battery.  Plaintiff asserts that Orend purposely touched her in an offensive manner, thrusting her elbow into Plaintiff's side, and thereby harmed her, causing bruises and contusions.

Nonetheless, in allowing the "Count Five: Battery" claim to proceed, the Court voices no opinion on the merits of this claim and leaves Plaintiff to her proof.  Furthermore, upon entering the action, Orend may, if so advised, defend against this claim by filing a dispositive motion.  For the present purposes of performing the Court's review under *Foman* regarding proposed amendment,

the claim is not barred by futility.

## C. Supplemental Jurisdiction over Battery Claim

A district court's exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367(a), which provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

In the pending case, as discussed *supra*, the Court has original "federal question" subject matter jurisdiction over Plaintiff's Title VII claims against DMHAS, 28 U.S.C. § 1331. Moreover, pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over the disability discrimination claim against DMHAS under Connecticut General Statutes § 46a-60. The Court now concludes that it also has supplemental jurisdiction over the proposed Connecticut common law "assault and battery" claim against Orend.

The Count Five battery claim arises out of the same nucleus of operative facts which pertain to Plaintiff's Title VII claims for racial discrimination, retaliation, and hostile work environment – claims that fall within the Court's original "federal question" jurisdiction, 28 U.S.C. § 1331. Orend was allegedly Plaintiff's "immediate supervisor," one of the supervisors against whom Plaintiff filed affirmative action complaints "regarding the toxic discriminatory environment the Defendant was creating." Doc. 22, at 1. Her alleged conduct in assaulting Plaintiff was one of the actions Plaintiff alleges contributed to creating a discriminatory environment, giving rise to an "assault and battery" claim with facts "so related" to the Title VII claims "that [it] form[s] part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C.

§ 1367(a). Accordingly, the Court possesses supplemental jurisdiction over the proposed state law claim set forth in Count Five. *See, e.g., Fed. Ins. Co. v. Speedboat Racing Ltd.*, 200 F. Supp. 3d 312, 336 (D. Conn. 2016) (noting that non-contract claims were "so related to claims in the action" within the Court's admiralty jurisdiction "that they form[ed] part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), and thus gave Court supplemental jurisdiction over them); *Hopkins v. Kawasaki Rail Car, Inc.*, No. 3: 17-CV-839 (CSH), 2017 WL 3715247, at *6 (D. Conn. Aug. 28, 2017)  (In case with "diversity of citizenship" subject matter jurisdiction, "[i]f the claims in the proposed Third Party Complaint arise from the same nucleus of operative fact as Plaintiffs' Complaint, the Court may exercise supplemental jurisdiction" under 28 U.S.C. § 1367(a)).[4]

### III. CONCLUSION

Plaintiff's motion for leave to amend her complaint [Doc. 22] is GRANTED pursuant to Rules 15(a) and 21, Fed. R. Civ. P.  As to any amendments implicating Plaintiff's claims against Defendant DMHAS (Counts One to Four), that party's counsel has given express "written consent" to amendment, Fed. R. Civ. P. 15(a)(2).  Such consent permits Plaintiff's proposed amendments as

---

[4] The Court notes, however, that supplemental "jurisdiction is discretionary," *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997); and a district court "may decline to exercise supplemental jurisdiction" if "the claim raises a novel or complex issue of State law," 28 U.S.C. § 1367(c)(1), or the court "has dismissed all claims over which it has original jurisdiction," *id.* § 1367(c)(3). *See Pompey-Primus v. Success Acad. Charter Sch., Inc.*, No. 21 CIV. 3981 (KPF), 2022 WL 504541, at *9 (S.D.N.Y. Feb. 17, 2022).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 349–50 (1988)). *See, e.g., SAMBIT PATTANAYAK,* 2022 WL 564047, at *8 (dismissing state law claims without prejudice, declining to exercise supplemental jurisdiction after dismissing all of Plaintiff's Title VII and ADA claims).

to DMHAS to proceed without the Court's leave.

However, to the extent that Defendant neither consents nor objects to the addition of the "assault and battery" claim against individual Lori Orend, the Court has reviewed that claim under the United States Supreme Court's *Foman* standard and finds that justice requires the Court to freely grant leave to the proposed amendment. There is no indication of any "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the [proposed] amendment." 371 U.S. at 182.

Plaintiff is hereby ORDERED to file her "Amended Complaint" on the case docket forthwith, assigning it a separate number. She shall also serve defendant Lori Orend with the Summons and Amended Complaint in compliance with Federal Rule 4 of Civil Procedure. Defendant DMHAS shall serve an answer or response to the "Amended Complaint" on or before **April 14, 2022.** Orend shall serve an answer or response to the Amended Complaint in compliance within the relevant period set forth in Federal Rule 12(a)(1)(A) of Civil Procedure.

Upon entry of Orend into the action, the parties are reminded of their obligation under Local Rule 26(f) of Civil Procedure to "confer for the purposes described in Fed. R. Civ. P. 26(f)" and thereafter, "[w]ithin fourteen (14) days . . . jointly complete and file a report in the form prescribed by Form 26(f), which appears in the Appendix to [the Local] Rules." D. Conn. L. Civ. R. 26(f)(1). Upon receipt of that report, the Court will set the case deadlines.

If, upon conferring, the parties concur that an early settlement conference may be productive,

they may file a joint motion for referral to a Magistrate Judge to conduct such a settlement conference.

        It is SO ORDERED.

        Dated: New Haven, Connecticut
               March 1, 2022

                                        */s/Charles S. Haight, Jr.*
                                        CHARLES S. HAIGHT, JR.
                                        Senior United States District Judge