UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TAMIKA BROCK | : | CIVIL NO. 3:20CV01889(CSH) |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT | : | |
| DEPARTMENT OF MENTAL HEALTH | : | |
| AND ADDICTION SERVICES, AND | : | |
| LORI OREND (INDIVIDUAL CAPACITY | : | |
| *Defendants* | : | JULY 15, 2022 |

## DEFENDANT LORI OREND'S MEMORANDUM OF LAW
## IN SUPPORT OF HER MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the Defendant, Lori Orend (Individual Capacity Only), hereby moves to dismiss Plaintiff's Third Amended Complaint. Defendant notes and expressly objects to the Plaintiff's Third Amended Complaint insofar as it inappropriately added two additional counts to which the Defendant never consented and were never properly presented to the Court in Plaintiff's Motion to Amend (Doc. # 22). Specifically, Plaintiff has inserted a claim under Connecticut General Statutes § 31-51q against DMHAS (Count Six) and has added a claim under 42 U.S.C. § 1983 against Individual Defendant Lori Orend (Count Seven). Undersigned counsel contacted Plaintiff's counsel requesting that she immediately withdraw these improper claims, but she never responded. Defendant respectfully submits that Counts Six and Seven should be dismissed based on this egregious misconduct.

Defendant now moves to dismiss Plaintiff's Third Amended Complaint on the grounds that she has failed to state a 42 U.S.C. § 1983 claim against Orend.

I.    FACTS:

Plaintiff filed a complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO") on May 22, 2019 (Cmpt. Ex. 1). The Commission released jurisdiction on October 7, 2020 (Cmpt. Ex. 2). Plaintiff filed a second complaint with the CHRO, for which a second release of jurisdiction was issued on April 28, 2021 (Proposed 3d Amended Cmpt, Doc. #22, ¶ 4). Plaintiff also filed a third CHRO complaint, for which a release of jurisdiction was issued on January 26, 2022.

Specifically, Plaintiff alleges that she was employed as a Social Worker by Defendant and that her immediate supervisor was Lori Orend. (Proposed 3d Am. Cmpt. ¶¶5-9). Plaintiff further alleges that she was not adequately trained and that she was treated with a negative attitude by Orend and her co-workers. (Proposed 3d Am. Cmpt. ¶¶ 11, 12, 15, 16). Plaintiff claims that Defendant imposed "special rules" on her that were not imposed on white employees. (Proposed 3d Cmpt. ¶¶ 17-18). Specifically, she claims that she was not to stamp the chart, not to use aroma therapy or scents in the office, was instructed to leave her door open and was directed not to have anything other than client sessions on her calendar. *Id*.

Additionally, Plaintiff claims that she received a letter from a client expressing suicidal ideation, which although had been opened, had not been placed in Plaintiff's mailbox until four days later, purportedly implicating Plaintiff's professional license. (Proposed 3d Am. Cmpt. ¶ 20).

Plaintiff alleges that she filed an internal complaint of discrimination on or about February 11, 2019 and March 18, 2019 (Proposed 3d Am. Cmpt. ¶ 21). When she was printing papers related to her internal complaints, Plaintiff alleges that Orend took her papers and subsequently elbowed her following a verbal exchange. (Proposed 3d Am. Cmpt. ¶¶22-27).

Police were called but Orend was not removed from the workplace. (Proposed 3d Am. Cmpt. ¶¶ 28-29). Plaintiff claims that she was transferred to Defendant's Hartford location on April 9, 2019 (Proposed 3d Am. Cmpt. ¶ 30). Plaintiff makes no further allegations with respect to Orend.

## II.     STANDARD OF REVIEW

### A.     FRCP 12(b)(1)

Under FRCP 12(b)(1) a party may move to dismiss a matter for lack of subject matter jurisdiction. Under FRCP 12(b)(6) a party may move to dismiss a matter for failure to state a claim upon which relief may be granted. A case is properly dismissed for lack of jurisdiction under Federal Rules of Civil Procedure, Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. The Plaintiff, as the party asserting jurisdiction, has the burden of establishing by a preponderance of the evidence that such jurisdiction exists. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996). In analyzing a motion to dismiss pursuant to Rule 12(b)(1), the court must "construe jurisdictional allegations liberally and take as true uncontroverted factual allegations." *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994). However, "argumentative inferences favorable to the party asserting jurisdiction should not be drawn." *Atlantic Mutual Ins. Co. v. Balfour MacLaine Int'l*, 968 F.2d 196, 198 (2d Cir. 1992); *see also Robinson,* 21 F.3d at 507. Moreover, in resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a court may, if necessary, refer to evidence outside the pleadings. *Makarova*, 201 F.3d at 113.

Lack of subject matter jurisdiction is never waived. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P.

12(h)(3). "Issues relating to subject matter jurisdiction may be raised at any time, even on appeal, and even by the court sua sponte. If a court perceives at any stage of the proceedings that it lacks subject matter jurisdiction, then it must take proper notice of the defect by dismissing the action." *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008), citing *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 740 (1976).

        **B.**       **FRCP 12(b)(6)**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (Internal citations omitted) *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). In determining whether the plaintiff has met this standard, the court must accept the allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the non-moving party. *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007). However, courts do not accept as true the plaintiff's legal conclusions, and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In ruling on a 12(b)(6) motion, the court may consider the complaint, any exhibits attached to the complaint, and any documents explicitly or implicitly incorporated into the complaint by reference. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document

'integral' to the complaint.'" *Id.* at 153 quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d 69, 72 (2d Cir.1995).

"'[M]atters judicially noticed by the District Court are not considered matters outside the pleadings.'" *Dechberry v. New York City Fire Dep't*, 124 F. Supp. 3d 131 at *135 (E.D.N.Y. 2015) quoting *Gilbert v. N. Am. Airlines,* No. 12–CV–523, 2014 U.S. Dist. LEXIS 42076 (E.D.N.Y. Mar. 26, 2014). "Matters subject to judicial notice --such as decisions [in] related proceedings --are properly considered on a motion to dismiss and do not require the court to consider the motion as one for summary judgment*." Jackson v. New York State*, 523 F. App'x 67, 68 (2d Cir. 2013). "Courts routinely consider EEOC charges in reviewing motions to dismiss federal discrimination claims which must have been timely filed with the EEOC. Courts have recognized that EEOC charges and right-to-sue letters are public documents that may be considered in a motion to dismiss without converting the action to a motion for summary judgment." *Pers. v. Radio City Prods. LLC*, No. 19CV03556AMDLB, 2020 U.S. Dist. LEXIS 12395, at *4 (E.D.N.Y. Jan. 24, 2020) (Internal citations and quotations omitted).

### III.   LAW AND ARGUMENT

In order to maintain a valid claim for First Amendment retaliation, a plaintiff must allege facts showing that "(1) [her] speech or conduct was protected by the First Amendment; (2) the [governmental] defendant took an adverse action against [her]; and (3) there was a causal connection between this adverse action and the protected speech." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 272 (2d Cir. 2011). "When a First Amendment retaliation claim is made in the context of a plaintiff's employment with the government, it is subject to a higher threshold than an ordinary First Amendment retaliation claim. Because a government employer—like any employer—has the right to maintain a reasonably efficient and orderly work

5

environment, the government *qua* employer may restrict or penalize the speech of its own employees in ways that would not be acceptable if the government were regulating the speech of the citizenry in general." *See Ricciuti v. Gyzenis*, 834 F.3d 162, 167-68 (2d Cir. 2016); *Lynch v. Ackley*, 811 F.3d 569, 577 (2d Cir. 2016). "For this reason, when a plaintiff is a public employee who claims that she has been the victim of First Amendment retaliation in the government employment context, the plaintiff's speech is not subject to protection from adverse action unless her speech addressed a matter of *public concern* and unless she spoke *in her capacity as a citizen* rather than an employee." *Barrett-Browning v. Conn. Dep't of Corr.*, No. 3:18-cv-1732 (JAM), 2019 U.S. Dist. LEXIS 125658, at *11-12 (D. Conn. July 29, 2019)(Emphasis in original).

Claims of retaliation based on personal complaints of discrimination are not protected speech because they do not address matters of public concern. *Id*. *See also Atkinson v. N.Y. State Olympic Reg'l Dev. Auth.*, 822 F. Supp. 2d 182, 193 (N.D.N.Y. 2011) (granting motion to dismiss plaintiff's claims of First Amendment retaliation based on complaints of gender discrimination).

Specifically, "[f]iling a grievance raising one's own alleged injuries is a paradigmatic example of an action that principally focuses on an issue that is personal in nature and generally related to the speaker's own situation or that is calculated to redress personal grievances and that we have therefore held does not qualify for First Amendment protection from retaliation." *Rys v. Grimm*, No. 6:19-CV-1251 (FJS/ATB), 2021 U.S. Dist. LEXIS 40519, at *23 (N.D.N.Y. Mar. 4, 2021) (internal citations and quotations omitted). "The forum is relevant because a petition filed with an employer using an internal grievance procedure in many cases will not seek to communicate to the public or to advance a political or social point of view beyond the

employment context… Brief references to discrimination are insufficient to transform Plaintiff's concerns for her own career and treatment into "speech on a matter of public concern." *Beauchine v. City of Syracuse*, No. 5:21-cv-00845 (BKS/TWD), 2022 U.S. Dist. LEXIS 32831, at *40-42 (N.D.N.Y. Feb. 24, 2022). (internal citations and quotations omitted )(collecting cases).

Here, it is clear that Plaintiff's allegations of First Amendment retaliation stem from an internal grievance related to her own treatment in the workplace. Accordingly, Plaintiff's speech does not address matters of public concern and her claim must be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, Defendant Lori Orend (Individual Capacity Only) hereby respectfully submits that Plaintiff's claims arising under 42 U.S.C. § 1983 (Count Seven) be dismissed.

>                DEFENDANT,
>
>                LORI OREND
>                (INDIVIDUAL CAPACITY ONLY)
>
>                WILLIAM TONG
>                ATTORNEY GENERAL
>
> By:     /s/ *Stephanie A. Wainwright*
>                Stephanie A. Wainwright
>                Assistant Attorney General
>                165 Capitol Avenue, Suite 5000
>                Hartford, CT 06106
>                Tel:  (860) 808-5340
>                Fax: (860) 808-5383
>                E-mail: Stephanie.A.Wainwright@ct.gov
>                Federal Bar # ct29280

## CERTIFICATION

I hereby certify that on July 15, 2022, a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      /s/ *Stephanie A. Wainwright*
      Stephanie A. Wainwright (#ct29280)
      Assistant Attorney General